IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEEWES SERVICE CO., INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOARD OF TRUSTEES OF ) <br> INDEPENDENCE COMMUNITY COLLEGE, ) <br> Serve: Beverly Harris ) <br> Clerk of the Board of Trustees ) <br> Independence Community College ) <br> 1057 W. College Ave. ) <br> Independence, KS 67301 ) <br> ) <br> Defendant. ) | Case No. 2:15-CV-09252 |

## COMPLAINT

Plaintiff KeeWes Service Co., Inc. ("KeeWes"), for its Complaint against the Board of Trustees (the "Board") of Independence Community College ("ICC"), states and alleges as follows:

1. KeeWes is a Missouri corporation with its principal place of business located in Springfield, Missouri.

2. The Board is the duly-elected board of trustees of ICC, a political subdivision of the State of Kansas, with its principal place of business located in Independence, Kansas.

3. The amount in controversy in this action exceeds $75,000.00.

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5. KeeWes and ICC entered into a Standard Laundry Lease Agreement on or about July 21, 2010 (the "Agreement"). A true and accurate copy of the Agreement is attached hereto and incorporated herein as "Exhibit A."

6. Pursuant to the terms of the agreement, ICC, as the lessor, granted KeeWes, as the lessee, the exclusive right to place and operate laundry machines on ICC's campus in accordance with the mutual conditions and obligations outlined in the Agreement.

7. The Agreement provides for an initial period of 10 years, beginning on August 1, 2010 and grants KeeWes the unconditional option to renew the Agreement for two successive periods of 7 years each, with such options being automatically exercised at the end of the preceding period. *See* Exhibit A §§ 1, 4.

8. Accordingly, the Agreement has a remaining term of two hundred twenty-seven (227) months (September 2015 through July 2034).

9. Under the Agreement, ICC agreed and covenanted as follows:

> The Lessor shall not move or remove, disconnect or tamper with the Lessee's machines for any reason whatsoever. Lessor further agrees that it will not permit any other coin, token or free laundry machines for the use of its tenants or unit owners on the premises whether the same be owned and operated by the Lessor or others. The Lessor shall promptly report any machine malfunction to the Lessee. A breach of the covenants contained in this paragraph or in Paragraphs 2a or 2b shall be deemed to constitute Constructive Eviction, and the remedies in 4b shall apply.

*See* Exhibit A at § 2d.

10. The Agreement further provides:

> In the event of Constructive Eviction or any other breach of this Lease by Lessor, Lessee shall be entitled to recover from Lessor, at Lessee's option, as and for liquidated damages, a sum of money equal to the number of months remaining of the term of this Lease multiplied by seventy-five percent (75%) of the average gross receipts collected from the laundry equipment installed in the demised premises up to the date of said breach. Failure to exercise this option shall not constitute a waiver of Lessee's other causes of action under law.

> In the event Lessee must resort to the services of an attorney for enforcement hereof or collection hereunder, then the Lessor shall be responsible to pay Lessee's reasonable attorney's fees incurred as a result thereof, together with all other costs or any other relief as provided by law.

*See* Exhibit A at § 4b.

11.     The Agreement contains no provision that grants ICC a right or option to terminate the Agreement prior to its expiration.

12.     KeeWes installed coin-operated laundry machines in accordance with the Agreement, and has continuously operated and maintained those machines since August 1, 2010.

13.     The average gross receipts collected from the laundry equipment installed on the ICC campus pursuant to the Agreement is $873.64 per month from August 2010 through July 2015.

14.     The Agreement is a valid and enforceable contract between KeeWes and ICC.

15.     KeeWes has performed all of its obligations under the Agreement, and remains ready, willing, and able to continue performing its obligations under the Agreement.

16.     On or about June 24, 2015, KeeWes received a letter from Wendy Isle, Chief Business Officer at ICC, purporting to terminate the Agreement as of August 31, 2015. A true and accurate copy of the June 24, 2015 letter is attached hereto and incorporated herein as "Exhibit B."

17.     ICC's letter purporting to terminate the Agreement as of August 31, 2015 was an anticipatory breach of the Agreement.

18.     On information and belief, ICC has agreed to place, or permit another entity to place, other coin, token or free laundry machines on the campus.

19.     ICC has failed to perform its obligations under the Agreement, has breached the agreement, and has constructively evicted KeeWes from the premises.

20.     As a direct and proximate result of ICC's breach of the Agreement, KeeWes has been damaged.

WHEREFORE, KeeWes Service Co., Inc., prays that the Court (1) enter judgment in its favor and against the Board of Trustees of Independence Community College for damages in the amount of ONE HUNDRED FORTY-EIGHT THOUSAND SEVEN HUNDRED THIRTY-SEVEN AND 21/100 DOLLARS ($148,737.21), plus pre-judgment and post-judgment interest at the statutory rate, (2) award KeeWes its attorneys' fees and costs herein incurred, and (3) grant KeeWes such other and further relief as the Court deems just and proper.

*Respectfully submitted,*

   /s/    *Kathryn G. Lee*
Kathryn G. Lee    #21954
**SPENCER FANE BRITT & BROWNE LLP**
9401 Indian Creek Pkwy, Ste. 700
Overland Park, Kansas 66210
Telephone:  913-327-5139
Facsimile:   913-345-0736
klee@spencerfane.com
***Attorneys for KeeWes Service Co., Inc.***